**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000300
14-MAY-2025
08:07 AM
Dkt. 133 SO**

NO. CAAP-24-0000300

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

J.W., Petitioner-Appellee, v.
R.E., Respondent-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1PP151006391)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Respondent-Appellant R.E. (**Mother**) appeals from the Family Court of the First Circuit's February 23, 2024 "Decision and Order Re: Custody, Visitation, and Support"[1] in this **Paternity Case**, awarding Petitioner-Appellee J.W. (**Father**) sole legal and physical custody of **Child** (born in 2012) and granting Mother supervised video visits.

---

[1] The Honorable Jessi L.K. Hall presided.

On appeal, Mother contends the family court (1) denied her right to due process and (2) erred in applying the Hawaiʻi Revised Statutes (**HRS**) § 571-46(a)(9) (2018) presumption.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and vacate and remand.

**(1)**  Mother first contends the family court denied her right to due process by prohibiting her from contesting the sexual abuse allegations.[3]

The family court heard Father's "Motion to Prohibit Relitigating" immediately preceding trial, and explained it was "not going to allow [sic] to relitigate the confirmation made by Child Welfare Service of the sex abuse because the parties stipulated to the adjudication on October 29th, 2020" in the Child Welfare Service case (**Child Welfare Case**).[4]  The family

---

[2]  Mother also contends the family court denied her right to have a meaningful relationship with Child, and erred in determining Father's sole custody was in Child's best interest.  Based on our decision, we decline to address these issues.

[3]  In this point of error, Mother also argues that the family court erred in not allowing her expert witness to testify regarding the Children's Justice Center (**CJC**) interview.  The family court did not allow testimony regarding the CJC interview because the CJC interview was not offered into evidence.  Without the CJC interview in evidence, expert testimony would not assist the trier of fact in understanding the CJC interview.  See Hawaiʻi Rules of Evidence Rule 702.

[4]  At Mother's request, we take judicial notice of the Child Welfare Case records in CAAP-24-0000301.  See Uyeda v. Schermer, 144 Hawaiʻi 163, 172,

(continued . . .)

2

court found that "Mother [was] collaterally estopped from relitigating the [Child Welfare Case] confirmation of Mother sexually abusing the child since the issue was previously determined in the [Child Welfare Case] which Mother was a party [to] and she stipulated to jurisdiction and did not contest the confirmation of sex abuse."

A due process "inquiry examines whether a parent received a fundamentally fair process under the circumstances of the case."  See In re JH, 152 Hawaiʻi 373, 380, 526 P.3d 350, 357 (2023).  A party asserting collateral estoppel (issue preclusion) must show

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom [issue preclusion] is asserted was a party or in privity with a party to the prior adjudication.

Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004) (emphasis added and citation omitted).

While the Child Welfare Case presented the same sexual abuse issue as in this case, the sexual abuse issue was not "decided in" the Child Welfare Case.  The only issue clearly

---

(. . . continued)

439 P.3d 115, 124 (2019) (explaining the Hawaiʻi Supreme Court has "explicitly 'validated the practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same'") (citation and internal brackets omitted).  And, Father's motion to strike Mother's opening brief for attaching documents from the Child Welfare Case is dismissed as moot, though Mother is cautioned to comply with the Hawaiʻi Rules of Appellate Procedure.

decided in the Child Welfare Case was that Father was capable of providing a safe family home without a service plan. The family court then closed the Child Welfare Case, with "temporary" sole legal and physical custody of the Child being awarded to Father in the Paternity Case.[5]

Thus, collateral estoppel did not apply to Department of Human Services' (**DHS**) sexual abuse confirmation. Under these circumstances, where collateral estoppel was erroneously applied to preclude Mother from disputing DHS's sexual abuse confirmation, we conclude Mother did not receive the fundamentally fair process she was due.

**(2)** Mother next contends the family court erred in applying the presumption set forth in HRS § 571-46(a)(9).

Under HRS § 571-46(a)(9), if child custody is in dispute, a determination that a parent committed "family violence" raises "a rebuttable presumption that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of family violence."

In FC-DA No. 20-1-2179, an Order for Protection in favor of Father and against Mother was entered on April 9, 2021 for a five-year term. In FC-DA No. 20-1-2237, an Order for

---

[5] The family court stated it "consolidated this matter with [the Paternity Case], at Father's request[.]"

4

Protection in favor of Mother and against Father was entered on April 9, 2021 for a five-year term.  Under state law, a family court may issue an order for protection if necessary to prevent "domestic abuse."  HRS §§ 586-1 (Supp. 2024) (defining the term "domestic abuse" as "Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, extreme psychological abuse, coercive control, or malicious property damage between family or household members"), 586-2 (Supp. 2024) (noting family court has jurisdiction), 586-5.5 (Supp. 2024) (indicating a family court may issue a protective order if "necessary to prevent domestic abuse").

The family court concluded that Father rebutted the presumption against him stemming from the issuance of the Order for Protection against him, but Mother had not rebutted the presumption.  However, nothing in the record indicates Mother was found to have committed "family violence," which is defined differently than "domestic abuse."  See generally HRS §§ 571-2 (2018) (defining "family violence" as "the occurrence of one or more of the following acts by a family or household member," not including acts of self-defense:  "(1) Attempting to cause or causing physical harm to another family or household member; (2) Placing a family or household member in fear of physical harm; or (3) Causing a family or household member to engage involuntarily in sexual activity by force, threat of force, or

5

duress.") (formatting altered), 586-1 (defining "domestic abuse").

Without a specific finding that Mother engaged in "family violence," the family court erred in concluding the HRS § 571-46(a)(9) presumption applied solely based on the entry of the Order of Protection.

Based on the foregoing, we vacate the family court's February 23, 2024 "Decision and Order Re: Custody, Visitation, and Support" and May 28, 2024 "Findings of Fact and Conclusions of Law" and remand this case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, May 14, 2025.

On the briefs:

Mateo Caballero,
for Respondent-Appellant.

Dyan K. Mitsuyama,
Alethea K. Rebman,
Paula S. Nakata,
for Petitioner-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge