**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000750
04-JUN-2025
08:14 AM
Dkt. 94 SO**

NO. CAAP-22-0000750


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DANIEL BADER and LINDA BADER, Petitioners-Appellees, v.
CARMELA BURTELL and LAUREN BURTELL, Respondents-Appellants.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DSS-22-0000279)


<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Self-represented Respondents-Appellants Carmela and
Lauren Burtell (collectively, the **Burtells**) appeal from the
District Court of the Second Circuit's[1] December 21, 2022 "Order
Granting Petition for Injunction Against Harassment" (**Injunction
Order**) in favor of Petitioners-Appellees **Daniel** and **Linda** Bader
(collectively, the **Baders**).[2]

---

[1] The Honorable Blaine J. Kobayashi presided.

[2] In response to an order of this court, the Baders' counsel filed
Linda's death certificate and explained that no special administrator or
personal representative was appointed to her estate. See Hawaiʻi Rules of
Appellate Procedure (**HRAP**) Rule 43(a) (providing in part that "[i]f the

(continued . . .)

The Burtells and Baders were neighbors in a six-unit condominium complex. The Baders petitioned the district court for a temporary restraining order (**TRO**) and injunction against harassment as to the Burtells. The district court granted the TRO and held an evidentiary hearing, during which the Burtells were represented by counsel and the parties stipulated to entering both sides' exhibits into evidence. Daniel and Linda each testified as to various events involving the Burtells. The Burtells did not testify.

The district court found the Baders' testimonies credible. The district court then found the Burtells' actions, taken as a whole, were "essentially a stalking type behavior" and the Burtells "engaged in an intentional and knowing course of conduct directed at the petitioners which seriously alarms or disturbs, consistently or continually bothers the petitioners, and does not serve any legitimate purpose, and that this course of conduct would cause any reasonable person to suffer emotional distress." The district court entered the Injunction Order prohibiting the Burtells from contacting, threatening, and

---

(. . . continued)

deceased party has no representative, any party may suggest the death on the record, and proceedings shall then be had as the court shall direct"). Based on Linda's death and there being no substitute, we dismiss this appeal as to Linda.

harassing the Baders, along with other conditions, for a two-year period.

On appeal, the Burtells request the Injunction Order "be dismissed by the Court without prejudice." We note the Burtells' opening brief does not materially comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). However, to promote access to justice, we address the Burtells' request, and construe their request as challenging the sufficiency of the evidence supporting the Injunction Order. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

If a TRO is granted, Hawaiʻi Revised Statutes (**HRS**) § 604-10.5 (2016, Supp. 2022) requires a hearing and, if the

---

[3] The Burtells improperly filed documents on appeal that do not appear on the parties' exhibit lists. See HRAP Rule 10(a) (providing that "[t]he record on appeal shall consist of the trial court . . . record, as set out in Rule 4 of the Hawaiʻi Court Records Rules" (**HCRR**)); HCRR Rule 4(c) (providing that the record includes exhibits "whether admitted into evidence or refused, provided that exhibits marked for identification but never offered shall not be included"); see generally HRAP Rule 1(d) (indicating pro se parties "are deemed to be aware of, and are expected to comply with, all of the provisions" of the appellate rules).

The Burtells also improperly filed multiple documents (Dkt. Nos. 27-38, 40-45, 47, 49, and 71-73) under seal in this appeal. Except for dates of birth on page 2 of Dkt. No. 38, the sealed dockets do not contain personal information. See HCRR Rules 2.19 (defining personal information) and 9 (outlining litigants' responsibility to protect personal information).

court finds harassment under subsection (a)(2) by clear and convincing evidence, it shall enjoin further harassment for no more than three years:

> §604-10.5 **Power to enjoin and temporarily restrain harassment.**
>
> (a)    For purposes of this section:
>
> "Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose.
>
> "Harassment" means:
>
> . . . .
>
> (2)    An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.
>
> . . . .
>
> (g)    A temporary restraining order that is granted under this section shall remain in effect at the discretion of the court . . . . A hearing on the petition to enjoin harassment shall be held within fifteen days after the temporary restraining order is granted. . . .
>
> The parties named in the petition may file or give oral responses explaining, excusing, justifying, or denying the alleged act or acts of harassment. The court shall receive all evidence that is relevant at the hearing and may make independent inquiry.
>
> If the court finds by clear and convincing evidence that harassment as defined in . . . paragraph (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner[.]

(Emphasis added and formatting altered.) Clear and convincing evidence is "an intermediate standard of proof greater than a preponderance of the evidence, but less than proof beyond a

reasonable doubt required in criminal cases." Uyeda v. Schermer, 144 Hawaiʻi 163, 174, 439 P.3d 115, 126 (2019) (citation omitted). The granting of injunctive relief is reviewed for an abuse of discretion. Id. at 171, 439 P.3d at 123.

Here, harassment as defined under HRS § 604-10.5(a)(2) was proven by clear and convincing evidence. The Baders testified the Burtells would go onto the Baders' property, cut and damage the Baders' foliage, follow and film the Baders outside, and film into the Baders' unit while maneuvering their car so the lights shone directly into the Baders' unit. Linda testified she felt threatened and "afraid to walk outside[,]" and Daniel testified he felt threatened. The acts began when the Burtells moved into the condominium complex in 2020, and continued until the petition for injunction was filed in 2022, though there were periods where the Baders were absent from their unit.

The district court found the Baders' testimonies credible. See State v. Stanley, 110 Hawaiʻi 116, 124, 129 P.3d 1144, 1152 (App. 2005) (explaining "[i]t is well-settled that an appellate court will not pass upon issues dependent on the credibility of witnesses") (internal quotation marks and citations omitted). Thus, the Baders' testimonies were sufficient to show, by clear and convincing evidence, an

intentional or knowing series of acts directed at the Baders, and consistently bothering the Baders over a period of time that would cause a reasonable person emotional distress.

Based on the foregoing, the district court's December 21, 2022 Injunction Order is affirmed as to Daniel, and dismissed as to Linda.

Further, IT IS ORDERED that, withing ten (10) days from the date of this summary disposition order:

1.  The appellate clerk shall unseal Dkt. Nos. 27-38, 40-45, 47, 49, and 71-73, unless a party files a motion to seal the documents, HRAP Rule 11(b)(4); and

2.  The Burtells shall file Hawaiʻi Court Records Rules Forms 1 and 2 concerning the dates of birth on page 2 of Dkt. No. 38, and file an accessible version with the dates of birth redacted.

DATED:  Honolulu, Hawaiʻi, June 4, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Carmela Burtell,
Lauren Burtell,                         /s/ Clyde J. Wadsworth
Respondents-Appellants,                 Associate Judge
pro se.
                                        /s/ Sonja M.P. McCullen
Brandon M. Segal,                       Associate Judge
for Petitioners-Appellees.