**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000143
03-FEB-2026
08:00 AM
Dkt. 30 SO**

NO. CAAP-24-0000143


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IRIS SHIZU SHIMAUCHI, Plaintiff-Appellant,
v. JOHN NUNO REI, Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-23-0001480)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)


This appeal challenges the Circuit Court of the First Circuit's (**Circuit Court**)[1] sua sponte dismissal of Plaintiff-Appellant Iris Shizu Shimauchi's (**Shimauchi**)[2] Complaint for lack of subject matter jurisdiction. We affirm.

---

[1] The Honorable Lisa W. Cataldo presided.

[2] While Shimauchi is represented by counsel on appeal, she was self-represented in the Circuit Court proceedings below.

Shimauchi appeals from the Circuit Court's February 7, 2024 "Order Denying Plaintiff's *Ex Parte* Motion for Reconsideration, Filed December 5, 2023 (Dkt. 19)" (**Order Denying Reconsideration**), and the December 26, 2025 "Final Judgment."[3]  Shimauchi's November 16, 2023 Complaint alleged that she had "suffered significant financial harm" from her former spouse, Defendant-Appellee John Nuno Rei's (**Rei**)[4] "deliberate and intentional refusal to comply with the [employment disclosure] provision of the Divorce Decree," and requested damages. Shimauchi filed a December 5, 2023 motion requesting reconsideration of the Circuit Court's November 27, 2023 "Order Denying [Shimauchi]'s Ex Parte Motion for Personal Service Without State, Filed November 16, 2023 (Dkt. 12)," in which the Circuit Court denied her request for out-of-state service and sua sponte dismissed the Complaint.  The February 7, 2024 Order Denying Reconsideration reaffirmed the dismissal as follows:

> The Complaint arises from the parties' Divorce Decree, and seeks modification of that Decree as related to child support.  As such, the Complaint raises issues that fall within the exclusive jurisdiction of the Family Court. See HRS section 580-1 ("Exclusive original jurisdiction in matters of . . . divorce is conferred upon the family court . . . .").  Consistent with [Shimauchi]'s purpose and her apparent understanding of the Family Court's jurisdiction, [Shimauchi] previously sought and received modification to her child support obligations, albeit not in the amount she seeks.  *See Rei v. Rei*, 1 DV141007523; *Rei v. Rei*, 1FAL-22-0000001.[5]

---

[3]     The Final Judgment was entered pursuant to a December 1, 2025 remand order from this court.

[4]     While Rei is designated an appellee, he was never served with the Complaint below and was not a party below or in this appeal.  No Answering Brief was filed.

[5]     This court affirmed the family court's order regarding Shimauchi's motion for post-decree relief, which sanctioned Rei for failure to notify Shimauchi of changes in his employment status but ultimately concluded that Shimauchi failed to prove that she suffered actual damages in

> . . . .

> Here, the Family Court's exclusive jurisdiction to address [Shimauchi]'s claims renders this Court without subject matter to take any further action in this case. Accordingly, this Court dismisses [Shimauchi]'s Complaint for lack of subject matter jurisdiction, and will take no further action on the [motion for reconsideration].

(Footnote added.)

On appeal, Shimauchi contends that the Circuit Court "erred in (1) holding that [Shimauchi]'s sole remedy is in Family Court, (2) in denying [Shimauchi]'s motion to serve [Rei] out of state, and (3) dismissing her tort claim when she moved for reconsideration." We address whether the Circuit Court erred in its determination that it lacked subject matter jurisdiction, as that point is dispositive.

Upon careful review of the record and the Opening Brief and having given due consideration to the arguments advanced and the issues raised, we resolve Shimauchi's challenge as follows.

"The existence of jurisdiction is a question of law that this court reviews de novo under the right/wrong standard." Uyeda v. Schermer, 144 Hawaiʻi 163, 170, 439 P.3d 115, 122 (2019) (citation omitted).

Shimauchi argues that because her Complaint alleges "[c]ommon law fraud," which "is a tort[,]" she is entitled to a jury trial under state constitutional and statutory provisions, and her "constitutional guaranty" of a jury trial cannot be "overrid[den]" by the family court's "[e]xclusive original jurisdiction" over divorce decrees under Hawaii Revised Statutes (**HRS**) § 580-1(a) (**jury trial argument**). Shimauchi did not

---

the form of "overpaid" child support. J.R. v. I.R., No. CAAP-23-0000384, 2025 WL 3301081, at *1-3 (Haw. App. Nov. 26, 2025) (SDO).

3

present this jury trial argument to the Circuit Court, and it is waived. See State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) (applying the general rule that a party's failure to raise an argument at the trial level waives that argument on appeal). Shimauchi also argues that under Brooks v. Minn, the Circuit Court may exercise subject matter jurisdiction in this matter, because: "Where the family court authorizes payment of a decree arrearage on a deferred payment basis and payment is not made, the deferred payment arrearage then becomes a decree-judgment debt enforceable in both family and civil court." 73 Haw. 566, 573, 836 P.2d 1081, 1085 (1992) (citation and emphasis omitted). This Brooks argument was also not made below and is waived. See Moses, 102 Hawai'i at 456, 77 P.3d at 947. In any event, Brooks is inapposite where the Family Court has not authorized any deferred payment of a decree arrearage.

We conclude the Circuit Court did not err in determining that it lacked jurisdiction over the Complaint in this case, under HRS § 580-1(a).

For the foregoing reasons, we affirm the Circuit Court of the First Circuit's February 7, 2024 Order Denying Reconsideration and December 26, 2025 "Final Judgment."

DATED: Honolulu, Hawai'i, February 3, 2026.

On the briefs:

Earle A. Partington,
for Plaintiff-Appellant.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge