**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000360
08-JUL-2020
07:58 AM

NO. CAAP-19-0000360
(Consolidated with No. CAAP-19-0000361)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-19-0000360**
MELANIE SATO, Petitioner-Appellant,
v.
JOHN C. KNAUSS, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(Civil No. 1SS191000168)

and

**CAAP-19-0000361**
MELANIE SATO, Petitioner-Appellant,
v.
ANN SPEESE GIESE, Respondent-Appellee,
and
JEANNE E. NAKASHIMA, Respondent

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(Civil No. 1SS191000107)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Petitioner-Appellant Melanie Sato (**Sato**) appeals from orders denying her petitions for injunctions against Respondent-Appellee John C. Knauss (**Knauss**) in CAAP-19-0000360, and against Respondent-Appellee Ann Speese Giese (**Giese**) in CAAP-19-0000361, entered by the District Court of the First Circuit, Wahiawā

Division[1] on September 26, 2019, and related judgments for attorney's fees entered by the district court on June 19, 2019. For the reasons explained below, we affirm the orders and judgments.

On January 25, 2019, Sato filed a petition for ex parte temporary restraining order (**TRO**) and for injunction against harassment against Giese and Jeanne E. Nakashima. A TRO against Giese only was issued on January 25, 2019, and a hearing on the requested injunction was set for February 8, 2019. The TRO was extended and the hearing date was continued to March 27, 2019.

On February 11, 2019, Sato filed a petition for TRO and for injunction against harassment against Knauss. A TRO was issued on February 11, 2019, and a hearing on the requested injunction was set for February 26, 2019. The TRO was extended and the hearing date was continued to March 27, 2019.

At the hearing on March 27, 2019, counsel for Giese and Knauss requested a joint hearing. The district court granted the request over Sato's objection. The court reminded the parties that the applicable statute allowed for an award of attorney's fees to the prevailing party.[2] The court heard testimony from Sato and her witnesses James Hardy Reinburg, Shannon Chun, and Kara Casebeer. Four exhibits were received into evidence. After Sato rested, Knauss and Giese each moved for a directed verdict. The district court granted the motions, and also declared Sato to be a vexatious litigant.

On June 19, 2019, Knauss and Giese filed separate motions for attorney's fees. The district court granted both motions. Also on June 19, 2019, judgments were entered in favor of Knauss and against Sato for $2,094.24, and in favor of Giese and against Sato for $2,094.24. Sato appealed. We temporarily remanded for entry of final orders. On September 26, 2019, the district court entered written orders denying Sato's petitions

---

[1] The Honorable Hilary Benson Gangnes presided.

[2] The transcript of the joint hearing indicates that the court was familiar with the parties through previous cases.

2

for injunction and dismissing each petition with prejudice.  We consolidated the appeals.

Hawaii Revised Statutes (**HRS**) § 604-10.5 (2016) is titled "Power to enjoin and temporarily restrain harassment."  It provides, in relevant part:

> (a)    For the purposes of this section:
>
> "Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose.
>
> "Harassment" means:
>
> (1)    Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or
>
> (2)    An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.
>
> (b)    The district courts shall have the power to enjoin, prohibit, or temporarily restrain harassment.
>
> . . . .
>
> (g)    . . . If the court finds by *clear and convincing evidence* that harassment as defined in paragraph (1) of that definition exists, it may enjoin for no more than three years further harassment of the petitioner, or that harassment as defined in paragraph (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner[.] . . .
>
> . . . .
>
> (h)    The court may grant the prevailing party in an action brought under this section costs and fees, including attorney's fees.

(Emphasis added.)  "The *clear and convincing evidence* standard is an intermediate standard of proof greater than a preponderance of the evidence, but less than proof beyond a reasonable doubt required in criminal cases."  Uyeda v. Schermer, 144 Hawaiʻi 163, 174, 439 P.3d 115, 126 (2019) (cleaned up) (emphasis added).

We review a trial court's findings of fact under the "clearly erroneous" standard.  Birano v. State, 143 Hawaiʻi 163, 181, 426 P.3d 387, 405 (2018).  A finding of fact is clearly

3

erroneous when the record lacks substantial evidence to support the finding or when, despite some evidence to support the finding, we are left with the definite and firm conviction in reviewing all of the evidence that a mistake has been committed. Id. "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." In re Grievance Arbitration Between State of Hawaiʻi Organization of Police Officers and County of Kauaʻi, 135 Hawaiʻi 456, 462, 353 P.3d 998, 1004 (2015) (citations omitted).

We review conclusions of law under the "right/wrong" standard. Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id. When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the court's conclusions are dependent on the facts and circumstances of each individual case. Id.

In denying Sato's petition against Knauss, the district court stated:

> The court finds that [Sato] -- that the statute requires clear and convincing -- that [Sato] present clear and convincing evidence that harassment by [Knauss] in the form of physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury or assault occurred. That's one part. No physical assault or threat here.
>
> Or an intentional or knowing course of conduct directed at [Sato] that seriously alarms or disturbs consistently or continually bothers [Sato] and that served no legitimate purpose, and that such course of conduct would cause a reasonable person to suffer emotional distress.
>
> The court finds that [Sato] has failed. There's really not much evidence at all here, let alone clear and convincing evidence of a course of conduct directed at Ms. Sato by Mr. Knauss. Ms. Knauss -- Ms. Sato's testimony -- the court just finds she seems to say conspiracy -- she -- she alleges a conspiracy without any convincing evidence of one. And Mr. Knauss, the fact that she's unhappy with his actions as board president is not a grounds [sic] under the statute for the court to enter an injunction.
>
> And I don't find a course of conduct here that would cause a reasonable person to suffer emotional distress.

4

> Even if I believe that Ms. Sato has suffered emotional distress, she doesn't meet the standard of the statute, which is the clear and convincing evidence.
>
> The court therefore denies the petition for injunction against harassment and dismisses the temporary restraining order.

In denying Sato's petition against Giese, the district court stated:

> Okay. The court finds here and, you know, [Sato] has rested, that [Sato] has failed to meet her -- Ms. Melanie Sato has failed to meet her burden of proving by clear and convincing evidence that there has been a course of conduct directed at her by Ms. Giese that seriously alarms, and disturbs consistently, or continually bothers [Sato], and serves no legitimate purpose, and that such course of conduct would cause a reasonable person to suffer emotional distress.
>
> The court therefore denies the petition for injunction against harassment and dismisses the TRO. Dismisses with prejudice.
>
> . . . .
>
> This is -- and I -- and I have to say I think Ms. Sato grossly exaggerates what she observes, what happens. I think she -- I don't even know if she honestly believes a lot of what she's saying. I did not find her to be particularly credible as to most of her testimony. In fact, if it weren't for the workers who were credible, I don't know that I'd believe there'd been any spraying going on, but I'm finding that her witnesses are more credible than she is so she had -- but that doesn't -- that doesn't meet the standard of the injunction. It's -- you know, a reasonable person would suffer emotional distress. . . .
>
> . . . .
>
> . . . The petition -- the -- the -- the allegations in the petition, none of them were proved by clear and convincing credible evidence. None of them.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted). In this case, the district court's findings of fact were supported by substantial evidence — or lack thereof, to the extent Sato bore the burden of proof — and we are not left with a definite or firm conviction in reviewing all of the evidence that a mistake was committed. Birano, 143 Hawaiʻi

5

at 181, 426 P.3d at 405.  The district court's conclusions of law were supported by its findings of fact and reflect an application of the correct rule of law.  <u>Klink</u>, 113 Hawaiʻi at 351, 152 P.3d at 523.  Accordingly, the September 26, 2019 orders denying Sato's petitions for injunctions against Knauss and Giese are affirmed.  The June 19, 2019 judgments for attorney's fees in favor of Knauss and Giese and against Sato are also affirmed.

DATED: Honolulu, Hawaiʻi, July 8, 2020.

On the briefs:

Alen M. Kaneshiro,
for Petitioner-Appellant.

Marcus L. Landsberg IV,
for Respondents-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge