**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000627
30-SEP-2022
07:51 AM
Dkt. 69 SO**

NO. CAAP-19-0000627

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SPENCER JAMES BEVILL, NANCY LYNN BEVILL and
BEVILL FAMILY TRUST, Plaintiffs-Appellants,
v.
FRANK LEWIS MAURIZIO aka FRANK MAURIZIO, and
FRANK GAETANO MAURIZIO, Defendants-Appellees,

and by LINNAE SAMUELSON BELLAVER,
Nominal Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 17-1-0305(2))

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiffs-Appellants Spencer James Bevill, Nancy Lynn Bevill, and Bevill Family Trust (collectively, **Bevills**) appeal from the (1) Findings of Fact and Conclusions of Law (**FOFs/COLs**) and Order by the Court and (2) Judgment in favor of Defendants-Appellees Frank Lewis Maurizio (**Maurizio**) and Frank Gaetano Maurizio (**Gaetano**), both filed and entered on August 7, 2019, by the Circuit Court of the Second Circuit (**Circuit Court**),[1]

---

[1]     The Honorable Peter T. Cahill presided.

following a jury-waived trial on fraudulent transfer claims, under Hawaii Revised Statutes (**HRS**) § 651C-4.[2]

On appeal, the Bevills contend that the Circuit Court erred in concluding that: (1) the two separate transfers of real property owned by Maurizio, both by separate deeds to his son, Gaetano, were "part of a pre-existing estate plan and not made with the intent to defraud the Bevills from collecting on a judgment against [Maurizio]" challenging FOF 21 and COLs 3, 4, 7, and 8; and (2) the applicable statute of limitations under HRS § 651C-9[3] was violated, challenging FOFs 22-23 and COLs 5-6.

---

[2]    The Bevills' complaint alleged that Maurizio transferred his interests in the subject property "without proper consideration and/or for the purpose of hindering creditors."

HRS § 651C-4 (2016) provides in relevant part:

> **[§ 651C-4]. Transfers fraudulent as to present and future creditors**
>
> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]

[3]    HRS § 651C-9 (2016) provides in relevant part:

> **[§ 651C-9]. Extinguishment of cause of action**
>
> A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:
>
> (1) Under section 651C-4(a)(1), within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the Bevills' contentions of error as follows, and affirm.

On May 5, 2002, Maurizio's father, Frank Harold Maurizio, passed away intestate while owning a fifty percent interest in Tax Map Key No. (2)5-1-4-27 (**Property**). FOFs 5 and 7.[4] Maurizio's father had stated that the Property was to be inherited by Gaetano. FOF 10. Maurizio retained an attorney to assist in probating his father's estate and transferring the Property. FOF 8. After receiving the attorney's advice on the tax implications of transferring the Property directly from Maurizio's father's estate to Gaetano, Maurizio decided to first transfer the Property to his mother, Jean Maurizio (**Jean**), through the probate estate. FOF 11. On April 10, 2008, Jean conveyed title to the Property to Maurizio "as part of the continued estate plan[,] with the understanding that [Maurizio] would then convey the Property to Gaetano soon thereafter." FOFs 13 and 14.

On May 30, 2008, the Bevills filed a Complaint against Maurizio and other defendants in Bevill v. Maurizio et al., Civil No. 08-1-0293(1), for multiple tort claims (**Initial Lawsuit**).[5] FOF 19.

On June 8, 2009, Maurizio transferred the Property to Gaetano by filing a deed with a reserved life estate (**First Conveyance**) with the Office of the Assistant Registrar of the Land Court, State of Hawaiʻi (**Land Court**). FOFs 16 and 17. On

---

[4] FOFs not challenged on appeal are binding. Kahoʻohanohano v. Dep't of Hum. Servs., State of Haw., 117 Hawaiʻi 262, 267, 178 P.3d 538, 543 (2008).

[5] The Honorable Rhonda I.L. Loo presided.

January 31, 2011, Maurizio filed a Quitclaim of Life Estate Interest (**Second Conveyance**) with the Land Court.  FOF 18.

On January 23, 2012, a jury trial commenced in the Initial Lawsuit, and on March 21, 2012, a jury entered a verdict against all defendants.  FOF 20.  On February 5, 2015, a Final Judgment in the Initial Lawsuit was entered in favor of the Bevills and against Maurizio for $290,000.00.

On June 26, 2015, Maurizio filed for Chapter 7 bankruptcy.  On October 4, 2016, the Bankruptcy Court entered a Final Judgment that $270,000.00 of the Bevills' Final Judgment was non-dischargeable debt.

On July 25, 2017, the Bevills filed the complaint underlying this appeal, seeking to set aside the First and Second Conveyances of the Property from Maurizio to Gaetano based on fraudulent transfer (**Current Lawsuit**).

At the June 12, 2019 trial in the Current Lawsuit, the Bevills were not present and did not testify.  The Bevills relied on the following exhibits to prove "intent" from a timeline of events:  the Complaint and Final Judgment filed in the Initial Lawsuit; the records of the First and Second Conveyance; the Chapter 7 Petition and Final Judgment entered in Maurizio's bankruptcy case; and interrogatories of Maurizio and Gaetano stating that the First and Second Conveyances were for nominal consideration.  On the other hand, Maurizio testified that he did not intend to fraudulently transfer the Property; that Maurizio contacted an estate attorney in 2005-2006, well before the Initial Lawsuit; and the estate attorney advised Maurizio to reserve a life estate interest despite his plan to give the entire Property to Gaetano.  Maurizio argued that the Current Lawsuit was untimely, and that the Bevills knew that Maurizio was not the homeowner of the Property as early as March of 2013.  The Bevills countered that HRS § 651C-9 should not

4

have accrued until they definitively learned of the transfers, and that no other explanation existed for the Second Conveyance other than to defraud the Bevills.

On August 7, 2019, the Circuit Court made the following relevant FOFs and COLs at issue in this appeal:

### FINDINGS OF FACT

. . . .

21. The Court finds that the Maurizio family's plan to have the Property transfer to Gaetano was in place prior to the filing of the complaint in the 2008 Action.

. . . .

### CONCLUSIONS OF LAW

. . . .

3. [The Bevills] failed to produce evidence that Defendants fraudulently transferred the Property.

4. Defendants proved that the initial transfer of the Property and the transfer of the life estate interest from [Maurizio] to Gaetano were in furtherance of a long-standing plan for the Property to be transferred from [Maurizio's] father to Gaetano.

. . . .

7. [The Bevills] bore the burdens of proof and persuasion. [The Bevills] failed to carry these burdens regarding the allegations in their Complaint. The Court concludes that the evidence adduced at trial does not demonstrate a fraudulent transfer on the part of Defendants.

8. Defendants did not fraudulently transfer the Property.

. . . .

The Bevills first contend that the Circuit Court erred in finding and concluding in FOF 21 and COLs 3, 4, 7, and 8, that the transfers from Maurizio to Gaetano were part of a pre-existing plan and not fraudulent under HRS § 651C-4. The

5

Bevills argue that Maurizio's father's intent to give the Property to Gaetano was accomplished by the First Conveyance to Gaetano, and that the Second Conveyance, which transferred the life estate interest to Gaetano, was used to shield the Property from collection. The Bevills claim that the Circuit Court failed to consider whether Maurizio had the "intent" to defraud under HRS § 651C-4(b)(1), (2), (4), and (5),[6] as Maurizio transferred the Property to an "insider,"[7] continued to reside on the Property, and litigation was pending during the transfers. Additionally, the Bevills argue that the transfers were for substantially all of Maurizio's primary assets as demonstrated by Maurizio's bankruptcy petition.

In a fraudulent transfer case, the plaintiff bears the burden of proving, by clear and convincing evidence, that a fraudulent transfer occurred. Kekona v. Abastillas, 113 Hawaiʻi 174, 180-82, 150 P.2d 823, 829-31 (2006). "It is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly

_____

[6]     HRS § 651C-4(b) states in pertinent part:

      (b) In determining actual intent under subsection (a)
(1), consideration may be given, among other factors, to
whether:

      (1)   The transfer or obligation was to an insider;

      (2)   The debtor had retained possession or control
      of the property transferred after the transfer;

      . . . .

      (4)   Before the transfer was made or obligation was
      incurred, the debtor was sued or threatened with suit;

      (5) The transfer was of substantially all the
      debtor's assets[.]

[7]     HRS § 651C-1 (2016) defines "insider" as a "relative of the debtor or of a general partner of the debtor."

probable." Id. at 180, 150 P.2d at 829 (internal quotation marks and citations omitted). FOF 21, in which the Circuit Court found that Maurizio's family's "plan to have the Property transfer to Gaetano was in place prior to the filing" of the Initial Lawsuit was supported by Maurizio's testimony and exhibits. Although there was evidence of some of the HRS § 651(b) factors that may be considered in determining fraudulent intent, we conclude that substantial evidence supports FOF 21, and we are not left with a definite and firm conviction that a mistake has been made. See Schmidt v. HSC, Inc., 145 Hawai‘i 351, 360, 452 P.3d 348, 357 (2019) (internal quotation marks and citations omitted) (A FOF is clearly erroneous if the record "lacks substantial evidence to support the finding," or despite evidence supporting the finding, "the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed."). For the same reasons, COLs 3, 4, 7, and 8, which appear to be mixed FOFs and COLs, where the Circuit Court concluded that the evidence did not establish that the transfers were fraudulent, are supported by substantial evidence and not clearly erroneous; nor are we convinced that a mistake has been made. See Uyeda v. Schermer, 144 Hawai‘i 163, 170, 439 P.3d 115, 122 (2019) (quoting Narayan v. Ass'n of Apartment Owners of Kapalua Bay Condo., 140 Hawai‘i 75, 83, 398 P.3d 664, 672 (2017)) ("'Where a conclusion of law presents a mixed question of law and fact, we review this conclusion under the clearly erroneous standard.'"); Schmidt, 145 Hawai‘i at 360, 452 P.3d at 357.

In light of our resolution of the Bevills' first contention, it is not necessary for us to address the Bevills' remaining contention regarding the statute of limitations.

7

For the foregoing reasons, we affirm the (1) Findings of Fact and Conclusions of Law and Order by the Court and (2) Judgment in favor of Defendants-Appellees Frank Lewis Maurizio and Frank Gaetano Maurizio, both filed and entered on August 7, 2019 by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, September 30, 2022.

On the briefs:

Paul V.K. Smith,
(Revere & Associates),
for Plaintiffs-Appellants.

Shauna L. Silva Bell,
(Durrett Lang, LLLP),
for Defendants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge