## 22465. SUMMEROUR v. CARTRETT et al.

QUILLIAN, Justice. The bill of exceptions in the case sub judice raises the question of whether the trial judge erred in overruling a general demurrer to a petition for quo warranto, which sought that the office of Mayor of Dawsonville be declared vacant. The petition alleged that the respondent was acting in the capacity of mayor of the city without authority since he had been convicted of the crime of larceny after trust. Attached as an exhibit to the petition was a copy of the jury verdict finding the respondent guilty under an indictment for larceny after trust; however, no copy of the sentence entered upon such verdict was so attached. The respondent, the plaintiff in error here, contends that the petition fails to show that he was "convicted" of a crime within the meaning of Art. II, Sec. II, Par. I of the Georgia Constitution (*Code Ann.* § 2-801) which provides that the following classes of persons shall not be permitted to hold any office, to wit: "Those who shall have been convicted in any court of competent jurisdiction of treason against the State, of embezzlement of public

funds, malfeasance in office, bribery or larceny, or of any crime involving moral turpitude, punishable by the laws of this State with imprisonment in the penitentiary, unless such persons shall have been pardoned." *Held:*

"The word 'conviction' is sometimes used to mean a verdict of guilty, or a plea of guilty, and sometimes is used to include also the judgment. The construction is not always uniform, but is dependent upon a construction of the particular law or statute under consideration." *Cantrell v. State,* 141 Ga. 98, 104 (80 SE 649). The constitutional provision provides for forfeiture of the right to hold office upon being "convicted." "Forfeitures are not favored, and courts incline against them. When a statute may be construed so as to give a penalty, and also so as to withhold the penalty, it will be given the latter construction." *Renfroe v. Colquitt,* 74 Ga. 618 (2a). See *Roby v. Newton,* 121 Ga. 679, 682 (49 SE 694, 68 LRA 601). Strictly construing the language of the constitutional provision the "conviction" must be a final one. Hence, it is evident that if the jury's verdict had been set aside or was under review and thus subject to be set aside either by motion for new trial, bill of exceptions or other appropriate procedure, there would be no conviction within the meaning of the constitutional provision.

However, we are reviewing this case on general demurrer and the fact that the alleged conviction was not final would, in the absence of a special demurrer calling for additional information, be a matter of defense to be raised by the respondent. Where the verdict was subsequently set aside, this would constitute a valid defense which could be raised by plea in bar. On the other hand, if the jury verdict is subject to be set aside in a proper proceeding, a plea in abatement would be the appropriate means of raising such defense. It follows that the petition would have been demurrable if it disclosed that the verdict was set aside or was subject to be set aside on motion for new trial or exception to the overruling of such motion. However, the relator need not prematurely negative such possibility by affirmative pleadings. Hence, we are compelled to the view that, nothing appearing to the contrary, the averments of the petition that the defendant was convicted, as evinced by the verdict of the jury, and had not been pardoned, constitute sufficient allegations of a conviction with-

in the meaning of the constitutional provision to set forth a cause of action for quo warranto.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1964—DECIDED MAY 7, 1964.

*J. E. Palmour,* for plaintiff in error.
*Merritt & Pruitt, J. Ray Merritt,* contra.