STATE OF HAWAII, Plaintiff-Appellant, *v.* SCOTT KANAI AKANA, Defendant-Appellee

NO. 9532

(CRIMINAL NO. 55564)

SEPTEMBER 23, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

The trial court denied the State's motion to revoke Defendant-Appellee Scott Kanai Akana's probation and to re-sentence him. The State appeals.

In 1981 Akana pleaded guilty to first degree theft in Criminal No. 55564. He was sentenced to five-years probation.

On August 9, 1983, in Criminal No. 57026, Akana pleaded guilty to promoting prison contraband in the first degree, a class B felony. Akana's guilty plea was accepted by the trial court and sentencing was scheduled for September 20, 1983. The sentencing in Criminal No. 57026 was consolidated with the State's motion to revoke Akana's probation and to re-sentence him for the first degree theft in Criminal

No. 55564.

On September 20th, the trial court decided to hear the State's motion in Criminal No. 55564 before sentencing Akana in Criminal No. 57026. The State called no witnesses but requested the court to take judicial notice of the court records in Criminal No. 57026. The State argued that one of the conditions of Akana's probation was that he obey all laws, and that Hawaii Revised Statutes (HRS) § 706-628[1] mandates revocation of probation if he is convicted of a felony during the period of probation and a re-sentence. The State further argued that the court records in Criminal No. 57026 would establish Akana's felony conviction of promoting prison contraband during his period of probation, and therefore, the State's motion for revocation of probation and for re-sentence should be granted.

The trial court denied the State's motion based on insufficiency of proof of a felony conviction. We vacate the order denying revocation of probation, and remand for a re-sentence.

I.

The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records. Wright and Graham, 21 *Federal Practice and Procedure: Evidence* § 5121 (1977). This court has validated the practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same. *State v. Wong,* 50 Haw. 42, 43, 430 P.2d 330, 332 (1967).

Under Hawaii Rules of Evidence (HRE) Rule 201(d), a court is mandated to take judicial notice if requested by a party and supplied with the necessary information. The necessary information may be

---

[1]HRS § 706-628 provides:

Revocation of probation or suspension of sentence; resentence. (1) At any time before the discharge of the defendant or the termination of the period of probation [or] suspension of sentence, the court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if the defendant has been convicted of another crime, may, but if convicted of a felony, shall, revoke the suspension or probation and sentence or resentence the defendant, as provided in subsection (2).

(2) When the court revokes a suspension or probation, it shall impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

consistent with subsection (b) which permits judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Commentary to HRE Rule 201.

Here, the State requested the trial court to take judicial notice of the court records in Criminal No. 57026, rather than call upon witnesses and submit certified copies of the records into evidence. The file in Criminal No. 57026 was the trial court's own file and in the court's immediate possession. Moreover, the trial judge was the one who accepted Akana's guilty plea in Criminal No. 57026. It is clear that the ready availability and accuracy of the court records in the file in Criminal No. 57026 could not be questioned. Under these circumstances, the trial court was mandated to take judicial notice of the court records in Criminal No. 57026.

## II.

When revocation of probation is based on the commission of another crime, the commission of that crime must be established by a conviction. *State v. Palama,* 62 Haw. 159, 164, 612 P.2d 1168, 1171-72 (1980). Akana argues that a conviction requires a sentence and he points to Rule 32(c), Hawaii Rules of Penal Procedure[2] to support his argument. He argues that had the trial court taken judicial notice of the records in Criminal No. 57026, there would still be no conviction upon which the court could base a revocation of probation.

Rule 32(c) is a rule of procedure and not of substance. Its primary purpose is to fix the time for appeal.[3] We therefore, hold that Rule 32(c) is inapplicable to this case.

The meaning of the term "convicted" or "conviction" varies according to the context in which it appears and the purpose to which it relates. *People ex rel. Grogan v. Lisinski,* 113 Ill. App. 3d 276, 68 Ill. Dec. 854,

---

[2]Rule 32(c)(1), HRPP, in pertinent part, provides:
    (c) Judgments.
    (1) In the Circuit Court. A judgment of conviction in the circuit court shall set forth the plea, the verdict or findings, and the adjudication *and sentence.* [Emphasis added.]

[3]Rule 32(a) provides for sentencing without unreasonable delay. Subsection (b) directs the court to advise the defendant of his right to appeal, the time for filing an appeal, and the costs therefor.

446 N.E.2d 1251 (Ill. App. 1 Dist. 1983). The word "conviction" is more commonly used and understood to mean a verdict of guilty or a plea of guilty. The more technical definition includes the judgment or sentence rendered pursuant to an ascertainment of guilt. *People v. Lisinski, supra; State v. Hanna,* 179 N.W.2d 503 (Iowa 1970); *Summerour v. Cartrett,* 220 Ga. 31, 136 S.E.2d 724 (1964). Use of the term "conviction" in a statute presents a question of legislative intent. *State v. Rodrigues,* 68 Haw. ___, ___, 706 P.2d 1293, 1297 (1985); *State v. Hanna, supra; Summerour v. Cartrett, supra. See also State v. Henderson,* 58 Ohio St. 2d 171, 389 N.E.2d 494 (1979); *State v. Kelly,* 20 Wash. App. 705, 582 P.2d 891 (1978); *State v. Holmes,* 222 Kan. 212, 563 P.2d 480 (1977); *Rogers v. State,* 260 Ark. 232, 538 S.W.2d 300 (1976).

Probation allows a deserving defendant freedom from the rigors of imprisonment and provides for rehabilitation through supervision and guidance. The legislature, in enacting HRS § 706-628, made a determination that a defendant who commits a felony while on probation is no longer deserving of freedom and that the supervision and guidance of defendant's conduct can no longer rehabilitate him. It is obvious that the legislature was deeply concerned over a probationer committing a felony during his period of probation; otherwise, the legislature would not have amended the statute in 1980 to mandate a revocation. We, therefore, hold that "convicted" as used in HRS § 706-628 means the ascertainment of guilt by guilty plea, or by verdict, and does not mean a judgment of conviction as provided under Rule 32(c), Hawaii Rules of Penal Procedure. In view of this holding, we conclude that the court records in Criminal No. 57026 are satisfactory proof of Akana's conviction of a felony during his period of probation.

The order denying Akana's revocation of probation is vacated, and this case is remanded for a re-sentence.

*Sheila Burger (Arthur E. Ross* with her on the briefs), Deputy Prosecuting Attorney, for plaintiff-appellant.

*William K. Wallace, III (Richard W. Pollack* with him on the brief), Public Defender, for defendant-appellee.

## CONCURRING OPINION BY PADGETT, J.

I concur in the result. I do not join in the ruling that "convicted" for the purposes of HRS § 706-628 means a guilty plea or a verdict and not the judgment. I do not think it is necessary to pass on that issue in this case.

What happened here was that after the guilty verdict and before sentencing, the State moved for revocation of probation. The motion for revocation and the matter of the sentencing came on for hearing on the same day. The judge elected to hear the motion for revocation of probation first and denied it because he had not yet sentenced the appellee. This was a triumph of form over substance. In such a situation, the court should first sentence the defendant and then hear the revocation motion. A ruling to that effect is all that is necessary to reach the appropriate result in this case.

The rule adopted by the majority opinion is that upon a guilty verdict or a plea of guilty, the defendant has been "convicted" for purposes of probation revocation. From this, it follows that, the defendant's probation, on motion, must be revoked even though the guilty verdict has been set aside on a motion for new trial.

The procedure I have suggested, of considering sentencing first and revocation second, would not, as a practical matter, pose any substantive practical difficulties since upon a guilty verdict, if the crime is a serious one, no bail would be allowable pending sentencing under HRS § 804-3(b)(4). We should avoid prematurely construing the word "convicted" in HRS § 706-628 to have a different meaning from the word "conviction" in HRPP Rule 32 or in HRS § 706-606.5. *Compare State v. Rodrigues*, 68 Haw. ___, 706 P.2d 1293 (1985).