**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000029
29-SEP-2020
08:07 AM

NOS. CAAP-18-0000029 and CAAP-18-0000033

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-18-0000029**
(FC-DA NO. 17-1-2343)
JOHN H. PEREZ, Petitioner-Appellee, v.
MICHAEL HELIO PEREZ, Respondent-Appellant

AND

**CAAP-18-0000033**
(FC-DA NO. 17-1-2344)
DENNIS J. PEREZ, Petitioner-Appellee, v.
MICHAEL HELIO PEREZ, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

In this consolidated appeal, Respondent-Appellant

Michael Helio Perez (**Michael**) appeals from two Orders of

Protection entered on December 19, 2017, by the Family Court of

the First Circuit (**Family Court**),[1] pursuant to which he was

prohibited from contacting his brothers, Petitioners-Appellees

John J. Perez (**John**) and Dennis J. Perez (**Dennis**), and prohibited

_____

[1] The Hon. Catherine Remigio presided.

from possessing firearms except under certain specified circumstances, for a period of ten years.

Michael raises four points of error on appeal, contending that the Family Court erred when it:  (1) & (2) entered the Orders of Protection in favor of John and Dennis; (3) entered Conclusions of Law (**COLs**) 9, 13, 14, 15, and 16 in each of the Orders of Protection; and (4) considered the contents of the documents in a court file as evidence under the judicial notice rule of evidence.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Michael's points of error as follows:

(1)  Hawaii Revised Statutes (**HRS**) § 586-5.5 (2018) authorizes a trial court to convert a temporary restraining order into a longer-lasting protective order upon making certain findings.  See Styke v. Sotelo, 122 Hawaiʻi 485, 489 n.5, 228 P.3d 365, 369 n.5 (App. 2010).  The statute states, in relevant part:

> If, after hearing all relevant evidence, the court finds that the respondent has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.

Domestic abuse is defined as "[p]hysical harm, bodily injury, assault, or the threat of imminent physical harm, bodily

---

[2]     In each of the two Orders of Protection, COL 9 concerned the taking of judicial notice, COLs 13-15 addressed the issuance of the respective Order of Protection, and COL 16 addressed the period of the Order of Protection.  This Summary Disposition Order addresses these points by topic, rather than as enumerated.

injury, or assault, extreme psychological abuse or malicious property damage between family or household members."  HRS § 586-1 (2018).

Under HRS § 586-5.5(a), the burden remains on the petitioner to prove the underlying allegations by a preponderance of the evidence.  Kie v. McMahel, 91 Hawaiʻi 438, 442, 984 P.2d 1264, 1268 (App. 1999) (citation omitted).

Here, the Family Court concluded that "[a] protective order is necessary to prevent domestic abuse or a recurrence of abuse by [Michael]."  Both Dennis and John testified, *inter alia*, that Michael threatened to kill them, that they believed that Michael is angry with them and harbors a grudge over the care of their late mother, and the handling of her affairs, and that they feared that he might use a gun against them.  Both Dennis and John, as well as Dr. Amy Brown, an unrelated witness who described herself as someone who knew Michael through her work and as a friend to Michael, testified that Michael had episodes of auditory hallucinations in their presence and/or had described his auditory hallucinations to them.  The Family Court found and concluded that the testimonies of John, Dennis, and Dr. Amy Brown were credible.  The Family Court found and concluded that Michael's testimony, in which he disputed the other witnesses' statements, was not credible.

"[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  DL v. CL, 146 Hawaiʻi 328, 336, 463 P.3d 985, 993 (2020)

3

(citation omitted). "[W]here the trial court's determinations of fact are largely dependent upon the resolution of conflicting testimony, great weight will be accorded its findings upon review." Kie, 91 Hawaiʻi at 444, 984 P.2d at 1270 (citation and internal quotation marks omitted).

We conclude that the Family Court's findings of fact were supported by the evidence before the court, and they were not clearly erroneous. Thus, the Family Court did not err in concluding that John and Dennis established by a preponderance of evidence that the Orders of Protection were necessary to protect them from physical harm.

(2) Michael argues that the Family Court erred when it fixed the period of the Orders of Protection at "an incredible" span of ten years. Nothing in HRS § 586-5.5(a) prescribes the maximum length of a protective order, but rather it allows the court to extend an order "for such further fixed reasonable period as the court deems appropriate." John and Dennis's counsel stated that John and Dennis wanted an order for "as long as possible" and requested orders lasting fifteen years; Michael's counsel requested three years. The Family Court concluded that ten years was a "fixed, reasonable and appropriate amount of time based on the facts and circumstances of this case."

The Family Court had the discretion to determine the length of the protective order. See Styke, 122 Hawaiʻi at 491, 228 P.3d at 371. "[G]iving the court 'the discretion to extend protective orders' provides 'greater flexibility in trying to

4

calm the emotionally charged nature of such situations.'" Id. (citations omitted).

In Lite v. McClure, this court concluded that a family court did not abuse its discretion when it issued an order of protection for ten years. No. 29107, 2009 WL 1263099 (Haw. App. May 8, 2009) (SDO). There, the petitioner had requested a no-contact protective order for "[f]orever, as long as the Court will allow." Id. at *2. The family court rejected Lite's request for an "indefinite protective order," and instead issued an order for "a fixed period of ten years." Id. We found "no legal impediment to a term of ten years" and held that ten years was not unreasonable, did not disregard the rules and principles of law, and accordingly was not an abuse of discretion. Id.

Here, we similarly conclude that, under the facts and circumstances of this case, especially the relationship and history of the parties, a ten-year duration for the Orders of Protection was not unreasonable, did not disregard the rules and principles of law, and accordingly was not an abuse of discretion.

(3) Michael argues that the Family Court erred by taking judicial notice of the records and files in FC-DA No. 15-1-1530 (Rosanne Harrigan v. Michael H. Perez), FC-DA No. 17-1-3243 (John H. Perez v. Michael Helio Perez), and FC-DA No. 17-1-2344 (Dennis J. Perez v. Michael Helio Perez). The Family Court took judicial notice in its oral ruling, as well as its written Findings of Fact and Conclusions of Law, but Michael made no objection. Accordingly, we examine the court's ruling for

plain error. See State v. Kotis, 91 Hawaiʻi 319, 341, 984 P.2d 78, 100 (1999) (citing Hawaiʻi Rules of Evidence (**HRE**) Rule 103(a)(1) and (d) (1993)). See also Hawaiʻi Family Court Rules Rule 61.

Under HRE Rule 201, the court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." HRE Rule 201(b). Put more simply, a fact is a proper subject for judicial notice if it is common knowledge or can be easily verified. Uyeda v. Schermer, 144 Hawaiʻi 163, 172, 439 P.3d 115, 124 (2019). The contents of court records are frequently the subject of judicial notice, because court records, particularly those in the trial court's files or immediate possession, are readily accessible and the accuracy of those records "generally cannot be considered reasonably questionable." Id. (quoting State v. Akana, 68 Haw. 164, 166, 706 P.2d 1300, 1302 (1985)). A trial court may take judicial notice of "an interrelated proceeding where the parties are the same[.]" Id. (quoting Akana, 68 Haw. at 165, 706 P.2d at 1302). However, the court must carefully distinguish between taking judicial notice of "the existence of documents in the Court file as opposed to the truth of the facts asserted in those documents." Id. (quoting Kotis, 91 Hawaiʻi at 342, 984 P.2d at 101) (emphasis in original). "Factual allegations, conclusions, and findings[,] whether authored by the court, by the parties or their attorneys,

or by third persons, should not be noticed to prove the truth of the matters asserted even though the material happens to be contained in court records." Id. (quoting Addison M. Bowman, Hawaii Rules of Evidence Manual 2-5 (2014-15 ed.)). A court "may only take judicial notice of the truth of facts asserted in documents such as orders, judgments, and findings of fact and conclusions of law because of the principles of collateral estoppel, res judicata, and the law of the case." Id. (quoting Kotis, 91 Hawaiʻi at 342, 984 P.2d at 101) (emphasis in original).

Upon review of the record on appeal, particularly the May 30, 2018 Findings of Fact and Conclusions of Law, it does not appear that the judicial notice taken by the Family Court exceeded the bounds of HRE Rule 201(b). Michael asserts that he denied the allegations in his mother's petition but stipulated to the entry of a protective order in her favor nonetheless, so the Family Court in this case erred in taking judicial notice of that case because there was no opportunity to confront his mother. However, Michael fails to point to any facts contained in FC-DA No. 15-1-1530 that the court in this case relied upon inappropriately. The appellant has the burden "to show error by reference to matters in the record." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (citation omitted). "[W]e should presume, absent an indication in the record to the contrary, that the [trial] court took judicial notice only where appropriate." Kotis, 91 Hawaiʻi at 343, 984 P.2d at 102. Accordingly, we cannot conclude that the Family Court plainly

erred in taking judicial notice of the records and files in the other family court matters.

For these reasons, the Family Court's December 19, 2017 Orders of Protection are affirmed.

DATED: Honolulu, Hawaiʻi, September 29, 2020.

On the briefs:

Scot Stuart Brower,
for Respondent-Appellant.

David M. Hayakawa,
for Petitioners-Appellees
  JOHN H. PEREZ and
  DENNIS J. PEREZ.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge