**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000539
21-OCT-2022
07:53 AM
Dkt. 36 ODSLJ**

NO. CAAP-22-0000539

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES YEE MARN, JR., as a limited partner of McCully Associates,
a Hawaii registered limited partnership, for and on behalf of
McCully Associates and its limited partners, Plaintiff-Appellee,
v. MCCULLY ASSOCIATES, a Hawaii registered limited partnership;
ALA WAI INVESTMENT, INC., a Hawaii corporation,
as general partner of MCCULLY ASSOCIATES;
ERIC Y. MARN, individually and as officer and agent for
ALA WAI INVESTMENT, INC., Defendants-Appellees, and
ALEXANDER Y. MARN, Defendant-Appellant, and JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and
DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC980005371)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Ginoza, Chief Judge, Nakasone and Chan, JJ.)

Upon consideration of the Motion to Dismiss for Lack of Jurisdiction (**Motion**), filed on September 23, 2022, by Appellee Liquidating Receiver S. Steven Sofos (**Receiver**), the papers in support and in opposition, the record here and in 1CC980005371,[1] it appears that we lack appellate jurisdiction over self-represented Defendant-Appellant Alexander Y. Marn's (**Alexander**) appeal from the Circuit Court of the First Circuit's (**circuit court**) "Order Denying [Alexander's] Expedited Motion for Stay Pending Appeal Under HRCP Rule 62 Without Bond or, in the

---

[1] We take judicial notice of court records in 1CC980005371. Hawaiʻi Rules of Evidence Rule 201; see State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.").

Alternative, for Stay with Set Bond Amount," filed on July 19, 2022 (**Denial Order**).

On October 25, 2010, the circuit court entered a final, appealable, Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b)-certified Partial Final Judgment (**Judgment**), resolving some but not all claims in the April 30, 2001 First Amended Complaint filed in 1CC980005371. Hawaii Revised Statutes (**HRS**) § 641-1 (2016); HRCP Rule 54; Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). In the Judgment, the circuit court expressly retained jurisdiction "in connection with the management and disposition of the remaining assets of [Defendant-Appellee McCully Associates (**McCully**)], including the McCully Shopping Center and other assets, the winding up of [McCully] and [Defendant-Appellee Ala Wai Investment, Inc. (**Ala Wai**)], distribution and the adjudication of such collateral issues relating to fee requests and tax matters." The circuit court has not subsequently entered a final judgment on these remaining issues.

The Denial Order denied Alexander's request for a stay of enforcement of the circuit court's December 20, 2021 "Order Granting [Receiver]'s Motion to Approve (1) Fourth Amended Distribution Analysis; (2) Distribution of Partner Capital Accounts; and (3) Establishing Procedure for Terminating Receivership and Discharging Receiver, Filed October, 22, 2021" (**12/20/21 Order**) and its December 27, 2021 "Order Granting Liquidating Receiver's 65th Application for Approval and Payment of Fees and Costs for the Receiver and His Professionals for the Period From October/November 2020 Through October 2021, Filed November 19, 2021" (**12/27/21 Order**). The Denial Order is not itself a final appealable order or judgment under HRS § 641-1(a) (2016), and though it disposes of a request for a stay of the 12/20/21 Order and 12/27/21 Order, those orders pertain to the winding up of McCully and Ala Wai, which, as discussed, have not been resolved in a final, appealable judgment. See Bailey v. Duvauchelle, 135 Hawaiʻi 482, 491, 353 P.3d 1024, 1033 (2015). Moreover, the circuit court expressly denied Alexander's request for HRCP Rule 54(b) certification in the Denial Order, and it has

not granted him leave to file an interlocutory appeal under HRS § 641-1(b).  Accordingly, the Denial Order is not a final appealable order.

Further, the Denial Order is not independently appealable under the collateral-order doctrine or the Forgay doctrine.[2]  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine).

Therefore, IT IS HEREBY ORDERED that the Motion is granted and the appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, October 21, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge

---

[2] Forgay v. Conrad, 47 U.S. 201 (1848).