**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000223
20-FEB-2024
09:09 AM
Dkt. 62 SO**

NO. CAAP-23-0000223

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSHUA LAGRANGE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC141001041)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Joshua LaGrange (**LaGrange**) appeals from the March 6, 2023 Order Revoking Conditional Release (**Order Revoking CR**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  Following a March 6, 2023 hearing on Plaintiff-Appellee State of Hawai'i's (**State**) February 17, 2022 "Motion to Revoke Order Granting Conditional Release [(**CR**)] and Issuance of Bench Warrant" (**Motion to Revoke CR**), the Circuit Court granted the motion, revoked CR, and ordered LaGrange be

_____

[1]     The Honorable Christine E. Kuriyama presided.

committed to the custody of the Department of Health (**DOH**).[2]  The Motion to Revoke CR alleged that LaGrange violated the terms of his conditional release by leaving his court-approved residence, failing to notify his probation officer of his new address, and causing his whereabouts to become unknown.  At the hearing, LaGrange did not contest the violation, but argued that the State had failed to adduce evidence that LaGrange was "still affected by a . . . mental disease, disorder, or defect[,]" which was required under HRS § 704-413(4)(a).[3]

On appeal, LaGrange challenges the revocation of his CR, contending that the Circuit Court erroneously took judicial notice[4] of a February 22, 2023 letter from Hawaiʻi State Hospital

---

[2]    LaGrange had been placed on CR on March 31, 2016 following entry of a judgment of acquittal and commitment to DOH custody on the basis of a mental disease, disorder, or defect excluding penal responsibility under Hawaii Revised Statutes (**HRS**) § 704-404, for a second-degree assault charge.

[3]    HRS § 704-413(4)(a)(2014) provides in pertinent part:

(4) <u>If</u>, at any time after the order pursuant to this chapter granting conditional release, <u>the court determines, after hearing evidence, that</u>:

(a) <u>The person is still affected by a physical or mental disease, disorder, or defect, and the conditions of release have not been fulfilled[,]</u> . . .

<u>the court may forthwith modify the conditions of release or order the person to be committed to the custody of the director of health</u>, subject to discharge or release in accordance with the procedure prescribed in section 704-412[.]

(Emphases added.)

[4]    Hawaiʻi Rules of Evidence (**HRE**) Rule 201(b) provides:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

We do not agree with the State's assertion on appeal that the HRE do not apply to a CR revocation hearing, citing HRS § 704-415(2) (application for CR or discharge from CR) and HRS § 706-625(2) (revocation of probation).

psychiatrist, Kent Booher, M.D. (**Dr. Booher**) as evidence that LaGrange was "still affected by a . . . mental disease, disorder, or defect" under HRS § 704-413(4)(a) (**"still affected" finding**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve LaGrange's point of error as follows, and vacate and remand.

"[W]hether a particular fact is a proper subject for judicial notice is a question of law" reviewed de novo under the right/wrong standard of review. Ditto v. McCurdy, 98 Hawai'i 123, 128, 44 P.3d 274, 279 (2002) (citation omitted).

In granting the State's Motion to Revoke CR, the Circuit Court took judicial notice of Dr. Booher's February 22, 2023 letter over defense objection, and made the "still affected" finding under HRS § 704-413(4)(a).[5]

---

HRS § 706-625(2) pertains to revocation of probation and is inapposite. HRS § 704-415(2), pertaining to application for CR on discharge from CR, states: "such hearing shall be deemed a civil proceeding . . . ." We conclude that the statute here, HRS § 704-413(4), pertaining to the modification or revocation of CR, is also a "civil proceeding." HRE Rule 1101(b) provides that the rules "apply generally to civil and criminal proceedings[,]" and subsection (d)(3) lists specific types of "[m]iscellaneous proceedings" where the HRE are inapplicable. Among the list of HRE-inapplicable proceedings are proceedings "granting or revoking probation[.]" CR proceedings are not listed among the exclusions. Thus, the HRE apply here.

[5] Regarding Dr. Booher's letter, the Circuit Court stated: "The Court has taken judicial notice of the record and file, which would include the February 22, '23 letter from Dr. Booher, staff psychiatrist at the Hawaii State Hospital."

Defense counsel objected to the Circuit Court's "still-affected" finding as follows:

> [DEFENSE COUNSEL]: So is the Court finding that [LaGrange] is still affected by a physical or mental disease, disorder, or defect? And if the Court is making that finding, I am objecting. I believe you can only make that finding based on reviewing letters that have been submitted over the last year, and in so doing, as I said, that is not evidence presented, and you are violating my client's due process rights . . . . That can't be taken away without due process of law. Those rights apply right

LaGrange argues that the Circuit Court "exceeded the permissible scope of judicial notice when it noticed the alleged facts set forth in the letter and used Dr. Booher's statements as evidence to support a finding that Lagrange was still affected by a physical or mental disease, disorder or defect." The State counters that "although the statute specifies that the court must determine at a hearing that a person is still

---

now, regardless of the--the rules of evidence. He has not had an opportunity to confront anybody who said--presented evidence that he is currently suffering from a mental disease, disorder, or defect. That is our position.

THE COURT: Okay. Thank you.

[DEFENSE COUNSEL]: So I'm asking the Court to make a clear determination. Are you--are you making that determination today that he is still affected or not? 'Cause [sic] that--that was not in the recitation of the Court's ruling.

(Pause in proceedings.)

THE COURT: Let's go off record briefly.

(Recess taken.)

THE CLERK: Back on record.

THE COURT: All right. Counsel, having reviewed Section 704-413, subsection (4), the Court is, based on the record and the arguments made by the State, and the record would include the record in file and the credible and reliable evidence, the Court's making the finding that Mr. Lagrange is still affected by a physical or mental disease, disorder, or defect, and the conditions of release have not been fulfilled. And this is over your objection, correct?

[DEFENSE COUNSEL]: Yes, Your Honor. And--and I think I made most of it on the record, but just so it's very clear, my objection to the Court making that specific finding that he's still suffering a mental illness is that there has not been evidence put before the Court today. And merely going and looking at old letters does not say that he is still in that mental position. And of course looking at those old letters to make a factual determination that today he still has a mental illness I would argue is a big-time due process violation when you are depriving him of liberty indefinitely.

. . . .

(Emphases added.)

4

affected by a physical or mental disease, disorder, or defect, this does not require a full-blown evidentiary hearing with live testimony."  The State maintains that "[i]t is sufficient for a court to rely on a prior finding of physical or mental disease, disorder, or defect, especially when no showing has been made of any change of condition."  In this case, however, the record reflects the Circuit Court did not rely on a prior finding of mental disease, disorder, or defect and instead took judicial notice of Dr. Booher's letter.

"'[A] distinction must be carefully drawn between taking judicial notice of the existence of documents in the Court file as opposed to the truth of the facts asserted in those documents.'"  Uyeda v. Schermer, 144 Hawaiʻi 163, 172, 439 P.3d 115, 124 (2019) (emphases in original) (citation omitted). In State v. Akana, 68 Haw. 164, 706 P.2d 1300 (1985), the supreme court drew a distinction between "[t]he existence of a conviction properly recorded in court records" as "an adjudicative fact 'capable of accurate and ready determination,'" and the "facts underlying the conviction," which cannot be "the proper subject of judicial notice."  Uyeda, 144 Hawaiʻi at 172-73, 439 P.3d at 124-25.

Here, although the Circuit Court could take judicial notice of the existence of Dr. Booher's letter, the Circuit Court erred when it relied on the contents of Dr. Booher's letter to make its "still-affected" finding under HRS § 704-413(4)(a).  See id. at 172, 439 P.3d at 124; Ditto, 98 Hawaiʻi at 128, 44 P.3d at 279.  Assuming arguendo the "truth of the facts asserted" in Dr. Booher's letter could be considered, the letter contains no statement that LaGrange was "still affected" by a mental disease, disorder, or defect at the time the letter was

5

written, six days before the hearing.[6]  See Uyeda, 144 Hawaiʻi at 172, 439 P.3d at 124.

Under HRS § 704-413(4)(a), the Circuit Court cannot modify CR unless the court determines that "[t]he person is still affected by a physical or mental disease, disorder, or defect and the conditions of release have not been fulfilled[.]" Because the record lacks evidence regarding the "still-affected" finding, the Motion to Revoke CR was erroneously granted.

For the foregoing reasons, the Order Revoking Conditional Release filed on March 6, 2023 by the Circuit Court of the First Circuit is vacated, and we remand for a new hearing or further proceedings consistent with this order.

DATED:  Honolulu, Hawaiʻi, February 20, 2024.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[6]     Dr. Booher's letter contains only implicit references to LaGrange's mental disease, disorder, or defect, that "Mr. Lagrange remains stable at his medicated baseline" and that LaGrange was "well down the path of becoming permanently institutionalized."