**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000382**
**05-AUG-2024**
**08:16 AM**
**Dkt. 52 OGMD**

NO. CAAP-22-0000382

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WILMINGTON SAVINGS FUND SOCIETY, FSB AS OWNER TRUSTEE OF
THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-D,
Plaintiff-Appellee,
v.
DONNALYN M. MOSIER, Defendant-Appellant,
and
BANK OF AMERICAN, N.A.; STATE OF HAWAII DEPARTMENT OF TAXATION;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; UNITED STATES
OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE;
ASSOCIATION OF APARTMENT OWNERS OF ONE WATERFRONT TOWERS,
Defendant-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 2-50; DOE ENTITIES 2-50, AND DOE GOVERNMENTAL
UNITS 2-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC131000042)


ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Leonard, Acting C.J., and Wadsworth and Nakasone, JJ.)


Upon consideration of the January 16, 2024 motion for order dismissing appeal (**Motion to Dismiss**), filed by Plaintiff-Appellee Wilmington Savings Fund Society, FSB, as Owner Trustee of The Residential Credit Opportunities Trust V-D (**Wilmington**), the papers in support, the record, and there being no opposition:

1. Defendant-Appellant Donnalyn M. Mosier (**Mosier**), now known as Donnalyn Morgan, appeals from the following orders

and judgment, entered in the Circuit Court of the First Circuit: (a) the February 16, 2022 "Findings of Fact, Conclusions of Law and Order Granting [Wilmington's] Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure"; (b) the February 16, 2022 "Judgment"; (c) the June 2, 2022 "Order Denying [Mosier's] Non-Hearing Motion to Reconsider the Court's 'Findings of Fact, Conclusions of Law and Order Granting [WilminGton's] Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure,' and (2) 'Judgment', Filed February 28, 2022"; and (d) the June 6, 2022 "Order Denying [Mosier's] Non-Hearing Motion to Set Aside the Clerk's Entry of Default, Filed February 28, 2022."

2. On January 16, 2024, Wilmington filed the Motion to Dismiss, by which Wilmington sought dismissal of this appeal as moot, on the grounds that Mosier did not obtain a stay and the property at issue (**Property**) was sold to a third-party, good-faith purchaser, Thoai Pham (**Pham**), at the foreclosure sale.

3. The Motion to Dismiss is supported by a Declaration of Counsel, which attaches, among other documents: (a) a "true and correct copy" of the Circuit Court's July 25, 2023 "Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorneys' Fees, Costs, Directing Conveyance and for Writ of Ejectment" (**Confirmation Order**); and (b) a "true and correct certified copy" of a "Commissioner's Deed," recorded on October 30, 2023, in the State of Hawaiʻi Bureau of Conveyances. The Confirmation Order, among other things, confirms the sale of the Property to Pham or his nominee; states that Pham is a "good-faith" purchaser"; orders the Commissioner to convey the Property to Pham or his nominee upon receipt of the full purchase price; and states that upon delivery of the conveyance, Pham or his nominee, "as a good-faith purchaser," is entitled to possession of the Property. The Commissioner's Deed conveys the property to several grantees identified as Pham's nominees.

4. Mosier filed no response to the Motion to Dismiss.

5. On March 12, 2024, Pham filed a motion for order for entry of *Stipulation to Limit Legal Remedy of [Mosier's] Appeal, If Any, to Money Damages* (**Motion re Stipulation**). The stipulation attached to the motion is signed by counsel for Mosier, Wilmington, and Pham.

6. Under Hawaiʻi law, mootness is an issue of justiciability. See State v. Hewitt, 153 Hawaiʻi 33, 42, 526 P.3d 558, 567 (2023).

7. The mootness doctrine applies "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008).

8. We take judicial notice of the Confirmation Order and the Commissioner's Deed. See HRE Rule 201; State v. Abdon, 137 Hawaiʻi 19, 26, 364 P.3d 917, 924 (2016) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." (quoting State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985))); In re Thomas H. Gentry Revocable Tr., 138 Hawaiʻi 158, 171 n.8, 378 P.3d 874, 887 n.8 (2016) (taking judicial notice of a warranty deed transferring property because the deed was a matter of public record and easily verifiable); U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust v. Ass'n of Apartment Owners of Waikoloa Hills Condominium Phase I, 150 Hawaiʻi 573, 584 n.12, 506 P.3d 869, 880 n.12 (App. 2022) (taking judicial notice of commissioner's apartment deed recorded in the Bureau of Conveyances).

9. It is undisputed that Mosier did not post a supersedeas bond or otherwise obtain a stay. the Circuit Court determined, and Mosier does not dispute, that Pham or his nominees are third-party, good-faith purchasers of the Property.

In these circumstances, no effective relief can be granted to Mosier with respect to her appeal; it has therefore been rendered moot. See Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 370, 400 P.3d 559, 571 (2017).

10. No exceptions to the mootness doctrine apply to this case.

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted, and the appeal is dismissed as moot.

IT IS FURTHER ORDERED that the Motion re Stipulation is dismissed.

DATED: Honolulu, Hawaiʻi, August 5, 2024.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge