**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000557
19-NOV-2024
08:07 AM
Dkt. 100 SO**

NO. CAAP-20-0000557

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MICHAEL C. GREENSPON, Plaintiff-Appellant, v.
CIT BANK, N.A. f/k/a ONEWEST BANK FSB; DAVID B. ROSEN, ESQ.;
THE LAW OFFICE OF DAVID B. ROSEN, ALC, Defendants-Appellees,
DOES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC141000379(1))


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Self-represented Plaintiff-Appellant Michael C.

**Greenspon** appeals from the Circuit Court of the Second Circuit's

August 11, 2020 Final Judgment, dismissing his case for failure

to prosecute.[1]

In 2003, Greenspon obtained a $650,000.00 mortgage

loan for a property in Haʻikū, Maui (the **Haʻikū Property**). In

2006, Greenspon modified the loan, increasing the principal

---

[1] The Honorable Rhonda I.L. Loo presided.

amount to $800,000.00. In 2008, Greenspon was sent a notice stating that his loan was "in serious default" and that he must pay $27,664.44 on or before December 6, 2008 to cure the default. In 2010, the Haʻikū Property was sold at a public non-judicial foreclosure auction to Deutsche Bank National Trust Company, as Trustee.

In June 2014, Greenspon filed a complaint under the pseudonym "Charles M. Brown" against Defendants-Appellees David B. Rosen, Esq. and Law Offices of David B. Rosen, ALC (together, **Rosen Parties**) claiming improper and illegal collection efforts following the non-judicial foreclosure. In December 2014, Greenspon filed a First Amended Complaint naming Defendant-Appellee CIT Bank N.A., f.k.a. Onewest Bank N.A., f.k.a. Onewest Bank, FSB (**CIT**) as an additional defendant, and raising nine claims: (1) negligent and intentional misrepresentation; (2) violation of Federal Fair Debt Collection Practices Act under 15 U.S.C. § 1692; (3) violation of HRS Chapter 480D; (4) unfair and deceptive acts and practices under HRS Chapter 480; (5) negligence; (6) abuse of process; (7) intentional/negligent infliction of emotional distress; (8) damages; and (9) punitive and exemplary damages.

In January 2015, CIT and Rosen Parties moved for a protective order, to stay the case, and to sanction Greenspon for his "improper, harassing, and abusive conduct" in refusing

to withdraw his discovery requests (**Motion for Stay**).  CIT and Rosen Parties further argued the case overlapped with the issues on appeal in CAAP-13-0001432 (**Related Appeal**), and they asked the circuit court to stay proceedings until the Related Appeal was resolved.[2]

In March 2015 the circuit court stayed the case, ordering in a written order that:

> "this case is STAYED pending a final resolution in that appeal currently pending before the [Hawaiʻi] Intermediate Court of Appeals in [the Related Appeal]. Consequently, all pending hearings are hereby removed from the Court's calendar, but may be re-scheduled upon the entry of an Order lifting this Stay."

(Emphasis added.)  See State v. Milne, 149 Hawaiʻi 329, 335, 489 P.3d 433, 439 (2021) (explaining that "a trial court's written order controls over its oral statements").  This court decided the Related Appeal in June 2016, and Greenspon's application for writ of certiorari was rejected in November 2016.  See Greenspon v. Deutsche Bank Nat'l Tr. Co., 138 Hawaiʻi 52, 375 P.3d 1290, No. CAAP-13-00001432, 2016 WL 3280366 (App. June 14, 2016) (mem. op.);  Greenspon v. Deutsche Bank Nat'l Tr. Co., SCWC-13-0001432, 2016 WL 6879563 (Haw. Nov. 22, 2016) (Order).

---

[2]  We take judicial notice of the files and records in CAAP-13-0001432. See State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) (explaining that the court may take judicial notice of its own records in interrelated proceedings).

Almost two years later, in October 2018, Rosen Parties filed a "Notice" of Greenspon's failure to comply with the Rules of the Circuit Court of the State of Hawaiʻi (**RCCH**) Rule 12(q), and requested the circuit court dismiss the case for lack of prosecution due to Greenspon's failure to file a pretrial statement or seek an extension, which the circuit court granted. The circuit court later granted Greenspon's motion for reconsideration, set aside the RCCH Rule 12(q) dismissal, and extended the deadline for Greenspon's pretrial statement to July 1, 2019, which Greenspon timely filed.

In April 2020, CIT moved to dismiss the case for failure to prosecute pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 41(b)(1) and RCCH Rules 7, 12(c)(2), and 12(q). CIT argued Greenspon failed to request a trial setting conference within 60 days of filing his pretrial statement, as required under RCCH Rule 12(c)(2), and he had not done anything to advance the case besides filing a pretrial statement. Rosen Parties joined CIT's motion to dismiss.

CIT also moved to designate Greenspon a vexatious litigant, arguing that: (1) Greenspon initiated and maintained thirteen separate civil actions arising from the same non-judicial foreclosure that raised overlapping claims against overlapping defendants; (2) Greenspon's related consolidated cases 2CC141000395 and 2CC141000560 were dismissed due to

4

Greenspon's intentional disruption of discovery efforts; and (3) Greenspon was deemed a vexatious litigant in Florida for similar behavior.

On June 7, 2020, Greenspon moved to (1) lift the stay and set the matter for trial or, in the alternative, (2) continue the stay pending the resolution of his other "related" cases in CAAP-19-0000391, 2CC171000090, 2CC141000395, and 2CC141000560.

In July 2020, the circuit court entered written orders denying Greenspon's motion to lift the stay, granting CIT's motion to dismiss (**Dismissal Order**), and granting CIT's motion to designate Greenspon a vexatious litigant. The circuit court then entered a final judgment in favor of CIT and Rosen Parties and against Greenspon as to all claims in the first amended complaint. Greenspon timely appealed.

On appeal, Greenspon raises five points of error (**POE**).[3] Of these points, only Greenspon's challenge to the

_____

[3] Greenspon's five POE are as follows:

1. "The circuit court's March 10, 2015 Stay order, R 46, premised on wrong conclusions, is legal error that caused years of prejudicial delay and obstruction of Appellant's meritorious claims in this case";

2. "The circuit court reversibly erred as a matter of law by its failure to grant [his] motions to consolidate, and to either lift the stay and set the case for trial or, alternatively, to continue the stay pending 'final resolution' of the related case appeals, and by ruling that [his] motion is 'moot'";

(continued . . .)

circuit court's dismissal of his first amended complaint (POE 3) has merit.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and vacate and remand.

The Dismissal Order dismissed all claims against CIT and Rosen Parties "for the reasons stated on the record at the hearing[.]" At the hearing, the circuit court found that Greenspon "failed to timely request a trial setting status conference pursuant to [RCCH] Rule 12(c)(2) and failed to move for relief from the stay or do anything else in the case, thus prejudicing the defendants," due to "almost four years of plaintiff being idle despite the active status of the case."

The Dismissal Order also stated that Greenspon repeatedly failed to comply with deadlines, including the

---

(. . . continued)

3. "The circuit court reversibly erred as a matter of law by unjustly dismissing [his] entire FAC with prejudice premised on a[n] inadvertent oversight of RCCH Rule 12(c) and by making false and clearly erroneous findings and conclusions";

4. "The circuit court reversibly erred as a matter of law and grossly abused its discretion by granting Appellee's HRS § 634J motion"; and

5. "The circuit court's conduct and systematic errors shows a pattern of bias[.]"

(Formatting altered.) As to POE 1, the circuit court did not abuse its discretion in ordering a stay of the proceedings as there appear to be overlapping claims and parties, and based on our decision as to POE 3, we need not reach POE 2, 4, and 5.

deadlines to file a pretrial statement under RCCH Rule 12(b), and to request a trial setting conference under RCCH Rule 12(c)(2); the case had not been stayed since the resolution of the Related Appeal, but to the extent Greenspon believed a stay was in place, he failed to move for relief from the stay or take any action in the case; Greenspon's delay prejudiced CIT and the Rosen Parties "as explained in their memoranda and supporting declarations, and is inexcusable"; and dismissal was proper under HRCP Rule 41(d).[4]

HRCP Rule 41(b)(1) provided that "a defendant may move for dismissal of an action or of any claim against it" if the plaintiff fails "to prosecute or to comply with these rules or any order of the court[.]"  RCCH Rule 12(q), entitled "Dismissal for want of prosecution," provided that

> [a]n action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c).

RCCH Rule 12(c)(2) required the plaintiff to schedule a trial setting status conference within sixty days of the pretrial statement.

Here, the circuit court concluded no stay was in place.  However, the stay order stated that "all pending

---

[4]  Although the circuit court referred to HRCP Rule 41(d), entitled "Costs of previously-dismissed action," it appears HRCP Rule 41(b), entitled "Involuntary dismissal: Effect thereof," applies.

hearings are hereby removed from the Court's calendar, but may be re-scheduled <u>upon the entry of an Order lifting this Stay</u>." (Emphasis added.) The parties do not point to, and we could not find, where in the record there was entry of an order lifting the stay. As no order lifting the stay was entered, the stay remained in place. And, because the stay remained in place, the pretrial deadlines did not run and all filings (besides a motion for entry of an order to lift the stay) were improper. The circuit court thus abused its discretion in determining there was no stay in place and dismissing the case for failure to meet pretrial deadlines.

Based on the foregoing, we vacate the circuit court's August 11, 2020 Final Judgment, and remand this case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, November 19, 2024.

On the briefs:

Michael C. Greenspon,
Plaintiff-Appellant, pro se.

Judy A. Tanaka,
Jenny J.N.A. Nakamoto,
(Dentons),
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge